IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

MARIA GUST,

    Plaintiff,

v.                                                    Case No.:

MRS BPO, L.L.C.,

    Defendant.

_____/

### STATEMENT OF CLAIM AND DEMAND FOR JURY TRIAL

Plaintiff MARIA GUST ("Plaintiff"), by and through his undersigned counsel, seeks redress for the unlawful practices of Defendant, MRS BPO, L.L.C. ("Defendant"), to wit, for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and in support thereof, alleges the following:

### NATURE OF THE ACTION

**I.    THE FAIR DEBT COLLECTION PRACTICES ACT**

1. The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibit a catalog of activities in connection with the collection of consumer debts by debt collectors. *See*, 15 U.S.C. §1692, generally. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2. In enacting the FDCPA, the United States Congress found that "[t]here is abundant

1 | Page

evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3. Accordingly, the FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. In particular, § 1692g(a) mandates that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> (1)  The amount of the debt[.]

15 U.S.C. § 1692g(a) (emphasis added). *See, McMurray v. ProCollect, Inc.*, 687 F.3d 665 (5th Cir. 2012) ("Merely including the required [§ 1692g(a)] notice in letters to consumers is not sufficient. The notice must also be set forth in a form and within a context that does not distort or obfuscate its meaning. A debt collector may violate Section 1692g if other

language in its communication with consumers 'overshadow[s]' or is 'inconsistent with' the statutorily-mandated notice.").

5. Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

6. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including:

> (2) The false representation of--
>
> (A) the character, amount, or legal status of any debt; or
>
> [...]
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

7. The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also, Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

8. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the

Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

9. In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See, Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**..." (emphasis added) (internal quotations and citations omitted)).

10. In the Eleventh Circuit, "[w]hether a particular communication is false or deceptive is a question for the jury." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016) (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985)); *see also, Lopera v. Midland Credit Mgt., Inc.*, 8:16-CV-1448-T-33JSS, 2016 WL 6650744, at *3 (M.D. Fla. Nov. 10, 2016)("[W]hether a letter is misleading raises a question of fact. Generally speaking, 'a jury should determine whether the letter is deceptive and misleading.'")(quoting *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 397 (6th Cir. 2015)).

## JURISDICTION AND VENUE

11. This is an action for damages greater than $500 but less than $2,500, exclusive of attorney's fees and costs.

12. This action arises out of the Defendant's unlawful conduct, to wit, the acts and/or omissions of the Defendant in attempting to collect a consumer debt from Plaintiff violated the FDCPA.

4 | Page

Case 8:18-cv-00795-EAK-SPF Document 2 Filed 04/03/18 Page 5 of 10 PageID 14
EXHIBIT A

13. Venue in this District is proper because Plaintiff resides here, the Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

14. Plaintiff is natural person, and a citizen of the State of Florida, residing in Hillsborough County, Florida.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16. Defendant is a foreign limited liability company doing business in Florida.

17. Defendant holds itself out as a business providing debt collection services and identified itself as a "debt collector" when communicating with Plaintiff.

18. Defendant uses the telephone, internet and/or mails in a business the principal purpose of which is the collection of debts.

19. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. Defendant holds a Consumer Collection Agency License issued by the Florida Office of Financial Regulation.

21. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22. At all times material, Defendant was acting as a debt collector when communicating with Plaintiff.

## FACTUAL ALLEGATIONS

23. Plaintiff is alleged to owe a financial obligation to "CHASE BANK USA, N.A." (hereinafter the "Alleged Debt").

24. The Alleged Debt consists of amounts allegedly due for consumer/personal purchases made on a personal credit card.

25. The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5) as it is a financial obligation allegedly incurred by Plaintiff primarily for personal, family or household purposes.

26. On or about February 4, 2018, Defendant sent or caused to be sent a written communication to Plaintiff (hereinafter "Defendant's Collection Letter"). A true and correct copy of Defendant's Collection Letter is attached hereto as "Exhibit A".

27. Defendant's Collection Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) in that Defendant's Collection Letter conveys information regarding the Alleged Debt to Plaintiff.

28. As demonstrated by its form and content, Defendant's Collection Letter is an attempt by Defendant to collect the Alleged Debt from Plaintiff.

29. Defendant's Collection Letter was Defendant's initial communication with Plaintiff with respect to the Alleged Debt.

30. Defendant did not communicate with Plaintiff again in writing within five (5) days of Defendant's initial communication with Plaintiff.

31. Defendant's Collection Letter states "ACCOUNT BALANCE : $1,353.33"

32. At the time Defendant's Collection Letter was sent, the balance of the Alleged Debt was subject to increase due to contractual interest, pre-judgment interest and fees/costs.

33. Defendant's Collection Letter does not disclose that the balance of the Alleged Debt is subject to increase due to interest and fees/costs.

34. Upon information and belief, at the time Defendant's Collection Letter was sent, Defendant knew, through knowledge of applicable statutes, documents and/or information provided to Defendant by the creditor(s) of the Alleged Debt, the underlying agreement creating the

Alleged Debt, and/or account statements for the Alleged Debt, that the balance of the Alleged Debt was subject to increase due to interest and fees.

35. All conditions precedent to the filing of this action have occurred or been waived.

### COUNT I – VIOLATION OF THE FDCPA

36. Plaintiff re-asserts and re-alleges paragraphs 1 through 35 as if fully restated herein.

37. As detailed more fully above, Defendant failed to advise Plaintiff that the amount of the Alleged Debt as stated in Defendant's Collection Letter was subject to increase. In doing so, Defendant violated the FDCPA, to wit:

   a. Section 1692g(a)(1), by failing to state the amount of the Alleged Debt. *See, e.g., Melillo v. Shendell & Associates, P.A.*, 2012 WL 253205 at *4 (S.D. Fla. Jan. 26, 2012)("Simply stating the amount due is not enough, however […] The letter 'must state the amount of the debt clearly enough that the recipient is likely to understand it.'")(citing *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir.2004)); *Anselmi v. Shendell & Associates, P.A.*, 12-61599-CIV, 2014 WL 5471111, at *2 (S.D. Fla. Oct. 29, 2014)("A debt collector is also required to inform a debtor if the debt is subject to adjustment by the creditor on a periodic basis.")

   b. Section 1692e, by failing to disclose the amount of the Alleged Debt was subject to increase. *See, e.g., ANA VASQUEZ PIMENTEL, Pl., v. NATIONWIDE CREDIT, INC., Def..*, 17-20226, 2017 WL 5633310, at *3 (S.D. Fla. Nov. 13, 2017)("a reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice when, if interest is accruing daily, a consumer who pays the 'current balance' would not know whether the debt has been paid in full."); *Avila v. Riexinger & Associates, LLC*, 817

F.3d 72, 77 (2d Cir. 2016)("The collection notices at issue here stated only the 'current balance' but did not disclose that the balance might increase due to interest and fees. Thus, Plaintiffs have stated a claim that these notices were 'misleading' within the meaning of Section 1692e."); *Sperber v. C. Credit Services, LLC*, 16CV5222ARRRLM, 2017 WL 1737702, at *5 (E.D.N.Y. May 1, 2017)("Having alleged that interest was accruing on his debt and that CCS failed to either disclose this interest or otherwise disclaim its right to collect it, Sperber has stated a plausible claim that the collection notices he received from CCS were misleading under Section 1692e of the FDCPA").

   c. Sections 1692e(10), 1692e(2)(A) and 1692f, by failing to disclose the amount of the Alleged Debt was subject to increase. *See, e.g., McNamee v. Debski & Associates, P.A.*, 8:16-CV-2272-T-33TBM, 2016 WL 5391396, at *3 (M.D. Fla. Sept. 27, 2016).

38. Defendant's violations of 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10) are material, in that they would impact the least sophisticated consumer's decision making process.

39. Defendant's aforementioned violations of the FDCPA have caused an injury-in-fact to Plaintiff that is concrete and particularized in that Plaintiff has: (1) been denied his legal right to receive required disclosures in communications governed by the FDCPA; and (2) been materially mislead in violation of federal law. *See, e.g., Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)("Church has alleged that the FDCPA governs the letter at issue, and thus, alleges she had a right to receive the FDCPA-required disclosures. Thus, Church has sufficiently alleged that she has sustained a concrete—*i.e.*,

'real'—injury because she did not receive the allegedly required disclosures. The invasion of Church's right to receive the disclosures is not hypothetical or uncertain; Church did not receive information to which she alleges she was entitled. While this injury may not have resulted in tangible economic or physical harm that courts often expect, the Supreme Court has made clear an injury need not be tangible to be concrete. *See Spokeo, Inc.*, 578 U.S. at ——, 136 S.Ct. at 1549; *Havens Realty Corp.*, 455 U.S. at 373, 102 S.Ct. 1114. Rather, this injury is one that Congress has elevated to the status of a legally cognizable injury through the FDCPA. Accordingly, Church has sufficiently alleged that she suffered a concrete injury, and thus, satisfies the injury-in-fact requirement.")(internal footnotes omitted); *McCamis v. Servis One, Inc.*, 2016 WL 4063403, at *2 (M.D. Fla. July 29, 2016)("Here, Plaintiff alleges a concrete and particularized injury in fact: Plaintiff has statutorily-created rights to be free from a debt collector's inappropriate attempts to collect a debt [...] and to be free from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt. [...] [V]iolation of statutory rights is not a 'hypothetical or uncertain' injury, but 'one that Congress has elevated to the status of a legally cognizable injury through the FDCPA.'")(quoting *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)); *Prindle v. Carrington Mortg. Services, LLC*, 2016 WL 4369424, at *8 (M.D. Fla. Aug. 16, 2016)("Through § 1692e, Congress identified an existing concrete harm (being subjected to specific abusive debt-collection practices) that, by itself, was inadequate at law to establish standing").

40. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to stress, anxiety, frustration, and confusion, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees

and costs.

## DEMAND FOR JURY TRIAL

41. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendants, awarding Plaintiff the following relief:

(a) Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Alleged Debt;

(b) Costs and reasonable attorneys' fees as provided by 15 U.S.C. §1692k; and

(c) Any other relief that the Court deems appropriate and just under the circumstances.

DATED: February 28, 2018

Respectfully submitted by:

/s/ Benjamin W. Raslavich
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808
**KUHN RASLAVICH, P.A.**
2124 W. Kennedy Blvd., Suite B
Tampa, Florida 33606
Telephone: (813) 422 – 7782
Facsimile: (813) 422 – 7783
ben@theKRfirm.com
Counsel for Plaintiff